Evelyn V. Keyes Justice, Dissenting
I respectfully dissent from denial of en banc reconsideration. I join Justice Massengale's opinion dissenting from denial of en banc reconsideration, and I re-urge the arguments made in my opinion dissenting from the panel majority opinion. As my panel dissent states, "This is an important *711 tax case of first impression regarding the ability of a local county taxing authority to levy ad valorem taxes on inventory in a federally authorized Foreign Trade Zone ("FTZ")." Dissenting Opinion at 1.
The majority panel opinion ignores the governing law set out in the Code of Federal Regulations ("CFR") and the Foreign-Trade Zone Manual ("FTZ Manual"), the contract governing the operation of the FTZ, and all of the evidence indicating that the correct regulations were followed and the correct taxes were assessed at the relevant times. Instead, the majority reverses the judgment of the district court and the order of the county's own taxing authority, appellee Harris County Appraisal District ("HCAD"), holding that the inventory in the relevant zone-Port of Houston Subzone 84-N-was admitted to an active zone and thus was exempt from the assessment of county ad valorem taxes for the relevant tax years (2011-2013).
The majority opinion disagrees with the parties' construction of the governing agreement regarding the operation of the zone pending approval of a new operator; the taxing authority, HCAD's, conclusion that it did not have authority to collect the taxes the majority levies; the Harris County Appraisal Board's agreement with HCAD on review; the trial court's agreement with the Harris County Appraisal Board and HCAD; and the Customs Board's continuing extensions of the power to operate the FTZ without payment of taxes pending approval of the new operator (at which time, in 2013, Harris County and the majority concede that the goods again became non-taxable). The majority's ruling is based solely on its reading of the common-law doctrine of estoppel in accordance with Harris County's argument, which can be applied here only if all of the foregoing evidence, governing documents, and governing law are ignored.
This important case potentially affects millions of dollars of trade in and out of the Port of Houston; and it determines the consistency of Texas's interpretation of federal law governing FTZs with other states' interpretation of federal regulations exempting goods in FTZs from ad valorem taxation.
Accordingly, this case demonstrates exactly the type of extraordinary circumstances to justify en banc reconsideration, and en banc reconsideration is necessary to secure or maintain uniformity of the court's decisions with those of other jurisdictions. See TEX. R. APP. P. 41.2(c).
I would grant en banc reconsideration, overrule Harris County's issue, and affirm the trial court's order denying Harris County's motion for summary judgment and granting summary judgment to HCAD and PRSI Trading, LLC.